UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GUNTHER FORSTMANN, on behalf of himself and all others similarly situated,

Plaintiff,

-against-

STP HOSPITALITY NETWORK, INC.,

Defendant.
-----------------------------------------------------------------X

Docket No. 26-5073

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff Gunther Forstmann ("Plaintiff"), on behalf of himself and all others similarly situated, alleges upon knowledge as to himself and his own acts and upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is an action to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and other relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").

2. Plaintiff brings this action on behalf of himself and similarly situated current and former non-exempt employees of Defendant STP Hospitality Network, Inc. who, within the applicable limitations period, worked more than forty hours in one or more workweeks and were not paid overtime compensation at one and one-half times their regular rates of pay.

3. Plaintiff seeks to prosecute his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the FLSA.

5. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducted business in this District.

7. Upon information and belief, Defendant employed Plaintiff and other employees in Suffolk County, New York, including at or in connection with a restaurant location at 1145 Montauk Highway, Shirley, New York 11967, and/or other locations within this District.

**PARTIES**

8. Plaintiff Gunther Forstmann is an individual residing in Suffolk County, New York. At all relevant times, Plaintiff was an employee within the meaning of the FLSA.

9. Defendant STP Hospitality Network, Inc. is a corporation organized under the laws of New York with a business address listed in the employment and payroll records as Mastic or Shirley, New York, and it employed Plaintiff within the meaning of the FLSA.

10. At all relevant times, Defendant acted directly or indirectly in the interest of an employer with respect to Plaintiff and similarly situated employees.

11. Upon information and belief, Defendant had annual gross volume of sales made or business done of not less than $500,000.00 and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(s)(1)(A), 206, and 207.

12. Upon information and belief, Defendant's employees handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce, including food products, packaging, equipment, cleaning supplies, and other goods used in restaurant operations.

## FACTUAL ALLEGATIONS

13. Defendant hired Plaintiff on or about April 1, 2023.

14. Plaintiff's employment with Defendant ended on or about July 7, 2023.

15. Plaintiff worked for Defendant under the title of General Manager.

16. Plaintiff's written employment agreement stated that Plaintiff would be paid an annual base salary of $46,800 during year one, equivalent to $900 per week.

17. The same agreement stated that Plaintiff was expected to work full time, with a minimum of 60 hours weekly.

18. Although Defendant designated Plaintiff as a manager, job titles alone do not determine exempt status under the FLSA.

19. Plaintiff is informed and believes, and on that basis alleges, that his actual primary duties did not satisfy the requirements for exemption from the FLSA's overtime protections.

20. Plaintiff is further informed and believes, and on that basis alleges, that Defendant maintained substantial control over the terms and conditions of his work, including scheduling, compensation, policies, staffing expectations, and operational duties.

21. Plaintiff regularly worked more than forty hours in one or more workweeks.

22. Based on the employment agreement, Plaintiff was expected to work at least 60 hours per week.

23. Plaintiff did not receive overtime compensation at one and one-half times his regular rate of pay for hours worked over forty in a workweek.

24. Payroll records presently available reflect that Plaintiff's weekly payments varied and were not consistently paid as a fixed $900 weekly amount.

25. The payroll records include weekly gross payments such as approximately $900, $830, $800, $675, $650, and $450 during different pay periods.

26. The payroll records also include a final pay period ending July 1, 2023 and paid on July 7, 2023, reflecting 13.49 hours of hourly pay and gross earnings of $202.35 for that period, with year-to-date gross earnings of $9,207.35.

27. On information and belief, Defendant did not properly calculate and pay Plaintiff overtime premiums required by the FLSA for hours worked in excess of forty per week.

28. Defendant knew or showed reckless disregard for whether its pay practices complied with the FLSA.

29. Defendant's violations were willful because, among other things, Defendant employed Plaintiff under an arrangement expressly contemplating at least 60 hours of work per week while failing to pay legally required overtime compensation for hours over forty.

30. Upon information and belief, Defendant applied the same or similar pay practices to other non-exempt employees.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated employees.

32. The proposed FLSA collective consists of: all current and former non-exempt employees of STP Hospitality Network, Inc. who, during the applicable FLSA limitations period, worked more than forty hours in one or more workweeks and were not paid overtime compensation as required by law.

33. At this time, the precise size of the collective is unknown to Plaintiff.

34. The identity of other similarly situated employees may be ascertained from Defendant's records, including payroll records, time records, schedules, personnel files, and other business records.

35. Plaintiff and the members of the proposed collective are similarly situated because they were subject to common compensation policies and practices of Defendant.

36. Upon information and belief, Defendant maintained common policies or practices that resulted in the failure to pay required overtime compensation to Plaintiff and other similarly situated employees.

37. The material facts and legal issues relating to the FLSA claim are similar for Plaintiff and the proposed collective members.

38. Plaintiff intends to send notice to similarly situated employees, subject to Court approval, informing them of the pendency of this action and their opportunity to opt in pursuant to 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION

### UNPAID OVERTIME IN VIOLATION OF THE FLSA
### 29 U.S.C. § 207

39. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

40. At all relevant times, Defendant was Plaintiff's employer within the meaning of the FLSA.

41. At all relevant times, Plaintiff was an employee entitled to the protections of the FLSA.

42. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

43. Plaintiff worked in excess of forty hours in one or more workweeks.

44. Defendant failed to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for hours worked over forty in a workweek.

45. Upon information and belief, Defendant likewise failed to pay similarly situated employees required overtime compensation.

46. Defendant's conduct violated 29 U.S.C. § 207.

47. Defendant's violations were willful, entitling Plaintiff and similarly situated employees to the applicable FLSA limitations period and remedies.

48. As a result of Defendant's unlawful conduct, Plaintiff and similarly situated employees suffered damages, including unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

**PRAYER FOR RELIEF**

49. WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

A. Designating this action as an FLSA collective action and authorizing notice to similarly situated employees;

B. Awarding Plaintiff and all opt-in plaintiffs unpaid overtime compensation;

C. Awarding liquidated damages as provided by law;

D. Awarding prejudgment interest to the extent available;

E. Awarding reasonable attorneys' fees and costs of the action;

F. Awarding such declaratory and other legal or equitable relief as the Court deems just and proper; and

G. Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: Garden City, New York
August 19, 2026

Respectfully submitted,

LAW OFFICES OF JASON L. ABELOVE, P.C.

By: Jason Abelove ______________________

Jason Abelove
*Attorneys for Plaintiff*
666 Old Country Road, Suite 303
Garden City, New York 11530
516-222-7000
Jason@jasonabelove.com

Notes for tightening before filing
A few targeted edits would improve this before filing:
replace Plaintiff residence bracket
confirm whether to plead "Taylor Gunther Forstmann" anywhere for consistency with the ontract
decide whether to define the collective more narrowly, for example restaurant non-exempt employees or salaried misclassified employees
add any known facts about actual day-to-day duties to strengthen the non-exempt allegation
add any stronger enterprise coverage facts if available
attach or prepare a consent to join form for Plaintiff
If you want, I can next turn this into:
a sharper filing-ready complaint with stronger collective allegations
a complaint plus consent-to-sue form
a version adding minimal fallback allegations in case STP moves to compel arbitration